UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
DWINEL MONROE,

                Plaintiff,

          -v-

KATHLEEN GERBING, et al.

                Defendants.
-------------------------------------------------------------------X

No. 16 Civ. 2818 (KMK)

**STIPULATION OF CONFIDENTIALITY AND PROTECTIVE ORDER**

        WHEREAS, Plaintiff has made discovery requests concerning the measurement of distances between specific locations at Otisville Correctional Facility, Wallkill Correctional Facility, and Greene Correctional Facility.

        WHEREAS, disclosure of such information regarding the layout of correctional facilities creates serious security risks that could jeopardize correctional or institutional safety, security or good order if disclosed to inmates or the general public, and similar information can and has been used to facilitate escape attempts or attacks within the correctional facilities.

        NOW THEREFORE, to balance the Plaintiff's need for the information against the Defendants' need for confidentiality, the parties hereby stipulate and agree to the following:

        1.      Information regarding the measurements between and among locations at Otisville Correctional Facility, Wallkill Correctional Facility, and Greene Correctional Facility produced in response to Plaintiff's discovery requests, as limited by their letter dated April 24, 2020, shall be designated as "Attorneys' Eyes Only" and produced subject to the following restrictions agreed to by all parties.

        2.      Access to the Attorneys' Eyes Only Material shall be limited to:

1

      a. Attorneys for Plaintiff;

      b. Attorneys for Defendants;

      c. Employees and independent contractors of the respective attorneys for Plaintiff or Defendants who have direct functional responsibility for the preparation or trial of this action, or any appeal thereof;

      d. The parties' respective experts and consultants, to the extent deemed necessary to the conduct of this litigation by the respective attorneys for Plaintiff or Defendants, except that, prior to any such person being given access to the Attorneys' Eyes Only Material, that person shall be given a copy of this Stipulation and Protective Order and shall execute the Certification annexed hereto;

      e. Individual employees of DOCCS, to the extent that such individual employees would have access to the Attorneys' Eyes Only Material as part of their employment with DOCCS;

      f. Court reporters, to the extent deemed necessary for the conduct of this litigation by the respective attorneys for Plaintiff or Defendants; and

      g. The Court.

3. The Attorneys' Eyes Only Material shall not be disclosed in open court without first affording Defendants' counsel an opportunity to contest disclosure and/or admissibility of the Attorneys' Eyes Only Material.

4. In the event that Plaintiff's counsel intends to file with the Court any papers that attach or enclose documents containing Attorneys' Eyes Only Material produced pursuant to this Stipulation and Protective Order, Plaintiff's counsel shall serve notice of such intention upon Defendant's counsel, identifying by Bates numbers the documents to be filed, not less than five

2

(5) business days prior to the filing thereof, to give Defendants the opportunity to request or move the Court to direct that such documents be filed under seal, provided, however, that such notice shall not be construed as a waiver of the attorney-client privilege, attorney work product privilege, or any other applicable privilege or immunity.

5. Unless otherwise directed by the Court, when filing court papers under seal, such papers or documents shall be filed in accordance with the Local Rules and ECF Rules of the Southern District of New York.

6. Nothing herein shall be deemed to waive any applicable privilege. Pursuant to Fed. R. Evid. 502(d), no privilege or protection is waived by disclosure connected with this lawsuit, nor is any such disclosure a waiver in any other federal or state proceeding, and any disclosed material is subject to return to the producing party ("clawback") on demand without any obligation on the part of the producing party to demonstrate compliance with Fed. R. Evid. 502(b)(1)-(3) relating to inadvertent disclosure.

7. Within thirty (30) days of the conclusion of this Action, Plaintiff's counsel shall either return to Defendants' counsel all Attorneys' Eyes Only Material, and any copies thereof, in its custody, possession or control and any documents containing Attorneys' Eyes Only Material, in whole or in part, and any copies made therefrom or shall notify Defendants' counsel in writing that all such Attorneys' Eyes Only Material has been destroyed.

8. This Stipulation and Protective Order covers only the information and materials set forth in paragraph 1. Nothing in this Order shall foreclose the parties from separately negotiating and agreeing in writing to the confidential treatment of information and materials not contemplated by this Stipulation and Protective Order.

Dated: New York, New York
      July 28, 2020

| | |
|---|---|
| **MUSLIM ADVOCATES**<br>**MAYER BROWN**<br><u>Attorneys for Plaintiff</u> | **LETITIA JAMES**<br>Attorney General<br>State of New York<br><u>Attorney for Defendants</u> |
| By: /s/ Nimra Azmi<br>Nimra Azmi, Esq.<br>Staff Attorney<br>(202) 897-2564<br>nimra@muslimadvocates.org | By: _____<br>Amanda Yoon<br>Assistant Attorney General<br>28 Liberty Street<br>New York, New York 10005<br>(212) 416-8599<br>Amanda.Yoon@ag.ny.gov |

SO ORDERED:

Dated:   7/28/20 _____

_____
U.S.D.J.

4

## CERTIFICATION

I certify my understanding that Attorneys' Eyes Only Material is being provided to me pursuant to the terms and restrictions of the Stipulation and Protective Order in <u>Monroe v. Gerbing</u>, 16 Civ. 2818 (KMK), currently pending in the United States District Court for the Southern District of New York. I further certify that I have read the Stipulation and Protective Order and agree to be bound by it.

I understand that all provisions of the Stipulation and Protective Order restricting the communication or use of Attorneys' Eyes Only Material, including but not limited to any notes or other transcriptions made of Attorneys' Eyes Only Material therefrom, shall continue to be binding during the pendency of and after the conclusion of this action.

Dated: _____

_____
SIGNATURE

_____
PRINT NAME

_____

_____
ADDRESS

_____
TELEPHONE NUMBER